**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

DAVID MUSLIN and ELLEN MUSLIN,

*Plaintiffs,*

v.

FEDERAL INSURANCE COMPANY,

*Defendant.*
_________________________________/

## NOTICE OF REMOVAL

Defendant, Federal Insurance Company ("Federal Insurance"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this case from the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, and states as follows:

1. Plaintiffs, David Muslin and Ellen Muslin ("Plaintiffs"), Florida residents, commenced this action by filing a Complaint on March 4, 2026, in the Circuit Court of the 15th Judicial Circuit in Palm Beach County, Florida (Case No.: 50-2026-CA-002567-XXXA-MB). Copies of the Complaint, court docket, court state documents, and civil cover are attached to this Notice of Removal as **Composite Exhibit 1**.

2. This Notice of Removal is being timely filed.

### Complete Diversity of Citizenship Exists Between the Parties

3. Diversity jurisdiction exists over a controversy between citizens of different states. 28 U.S.C. § 1332(a).

4. For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it has been incorporated as well as the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

5. Federal Insurance was, at the time of the filing of this action, and remains, a corporation duly organized and existing under the laws of the State of Indiana, with its principal place of business located in Whitehouse Station, New Jersey.

6. For purposes of diversity jurisdiction, the citizenship of an individual is determined by his or her "domicile" for purposes of diversity jurisdiction. A person's domicile is "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

7. In determining domicile, courts consider "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Pennsylvania Lumbermen's Mut. Fire Ins. Co.,* No. 307-CV-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007).

8. According to Fla. Stat. § 196.012(16), a "permanent resident" is defined as "a person who has established a permanent residence as defined in subsection (17)." Fla. Stat. § 196.012(17) defines "permanent residence" as "that place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning. A person may have only one permanent residence at a time; and, once a permanent residence is established in a foreign state or country, it is presumed to continue until the person shows that a change has occurred." Fla. Stat. § 196.012(17).

9. The property that is the subject of this litigation is a residential property located at 730 Coquina Court, Boca Raton, Florida 33432, in Palm Beach County, Florida (the "Subject Property"). The Subject Property is owned by Plaintiffs.[1] *See* Property Deed attached as **Exhibit 2.**

10. Plaintiffs were, at the time of the filing of this action, and still are, citizens of the State of Florida and reside at the Subject Property. *See* Homestead Property Tax Records attached as **Exhibit 3**.

11. Plaintiff, David Muslin, holds a valid Florida driver's license issued on -July 19, 2029, which lists the Subject Property as his residential address of record. He is a registered voter in the state of Florida (Voter Identification Number 127022233), which also lists the Subject Property as his residential address.

12. Plaintiff, Ellen Muslin, holds a valid Florida driver's license issued on September 27, 2019, which lists the Subject Property as her residential address of record. She is a registered voter in the state of Florida (Voter Identification Number 127247490), which also lists the Subject Property as her residential address.

13. Accordingly, Plaintiffs are citizens of the State of Florida.

14. Therefore, for purposes of 28 U.S.C. § 1332, diversity of citizenship existed among the Plaintiffs and Federal Insurance at the time the Plaintiffs commenced this action in state court and continues to exist as of the time of filing this Notice of Removal.

**<u>The Amount in Controversy Exceeds $75,000.00</u>**

15. Federal Insurance issued a homeowners insurance policy bearing policy number 15002715-01 (the "Policy") to Plaintiffs, which provided insurance coverage for certain losses to

[1] Compl. ¶ 1.

the Subject Property.[2] The Policy has a limit of $4,865,000 for Dwelling Structure Coverage and a limit of $381,400 for Other Structures Coverage, subject to a $10,000 deductible for losses arising of All Perils (Other Than Hurricane) and a 5% Hurricane Deductible for hurricane losses. *See* Policy attached as **Exhibit 4**.

16. Plaintiffs allege that during the policy period, "on or about April 6, 2025, Plaintiffs' Property was damaged as a result of a plumbing failure"[3] (the "loss").

17. Federal Insurance assigned claim number 092025028568 to the reported loss and conducted an investigation of the loss.

18. After reviewing the results of the investigation, including assessments from expert engineers, and considering the terms of the Policy, Federal Insurance formally denied coverage for the loss.

19. On February 9, 2026, prior to commencing this action, Plaintiffs submitted a Property Insurance Notice of Intent to Initiate Litigation #278252 with a pre-suit settlement demand of $1,193,884.00, based on Plaintiffs' estimated repair costs totaling $1,193,884.00. *See* Property Insurance Notice and Estimate attached as **Exhibit 5**.

20. On March 4, 2026, Plaintiffs filed this breach of contract action against Federal Insurance, alleging that Federal Insurance "failed or refused to provide coverage under the insurance policy and has failed to pay promptly the amounts due and has thereby breached the contract of insurance."[4]

21. Based on the foregoing, Federal Insurance is informed and has a good faith belief that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

[2] Compl. ¶ 6.
[3] Compl. ¶ 7.
[4] Compl. ¶ 13.

**The Southern District of Florida is the Proper Venue**

22. This Notice of Removal is being filed in the United States District Court for the Southern District of Florida because this district encompasses in Palm Beach County, where the state court action was pending and where the subject property is located.

23. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(a)-(b)(2), as a substantial part of the events giving rise to the claim occurred in Palm Beach County, Florida, and the subject property is located there.

24. A copy of this Notice will promptly be filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida.

WHEREFORE, Defendant, Federal Insurance Company, hereby removes the underlying state court action to this District Court.

Respectfully submitted,

**COZEN O'CONNOR**

By: /s/ *Tiffany Bustamante*
Tiffany Bustamante, Esq.
Florida Bar No. 117643
tbustamante@cozen.com
200 South Biscayne Blvd., Ste. 3000
Miami, Florida 33131
Telephone: (305) 704-5940

Stephanie Roman, Esq.
Florida Bar No. 1024952
sroman@cozen.com
200 South Biscayne Blvd., Ste. 3000
Miami, Florida 33131
Telephone: (305) 397-0847

***Counsel for Defendant, Federal Insurance Company***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13th, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List by Electronic Mail.

*/s/ Tiffany Bustamante*
Tiffany Bustamante, Esq.

**SERVICE LIST**

Andrew P. McDonald, Esquire
FL Bar No.: 805661
David D. Barnhill, Esquire
FL Bar No: 90442
**McDonald & Barnhill, P.A.**
505 S. Magnolia Avenue
Tampa, FL 33606
(813) 265-2020 telephone
(813) 200-2030 facsimile
eservice@mcdonaldbarnhill.com
***Attorneys for Plaintiffs***